IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICK WATSON, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRIAN DUREAULT, et al. | : | NO.   07-779 |

### O R D E R

AND NOW, this 24th day of June, 2008, upon consideration of the pending motions to dismiss, it is hereby **ORDERED** that:

(1) Defendants Brian Dureault and Dart Transit Company's Motion to Dismiss Plaintiff Nick Watson's Complaint and For Sanctions [Docket Entry No. 31] is **GRANTED IN PART, DENIED IN PART**.

Defendants' request to dismiss all claims made by Plaintiff Nick Watson is denied.  Defendants request for sanctions is granted in part.  Plaintiff Nick Watson is sanctioned $500 for reimbursement of costs for his failure to appear twice for an independent medical examination.[1]

Counsel for Plaintiff Nick Watson and Counsel for Defendants Dureault and Dart Transit are to work together to schedule Plaintiff Watson's independent medical examination, to take place on or before August 11, 2008.  **IF PLAINTIFF NICK WATSON DOES NOT APPEAR AT THE AGREED UPON DATE AND TIME FOR AN INDEPENDENT**

---

[1] It appears that on May 15, 2008, Counsel for Plaintiff Watson tendered a check in the amount of $500.00 to Counsel for Defendants for his client's "no-show fees in this matter." *Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff Nick Watson's Complaint and for Sanctions* [Docket Entry No.34] at Exhibit "A."

MEDICAL EXAMINATION, I WILL RECONSIDER DEFENDANTS' REQUEST TO DISMISS ALL OF HIS CLAIMS.

Defendants' request to preclude Plaintiff Watson from presenting medical witnesses at arbitration or trial whose disclosures were not provided to Defendants prior to April 22, 2008 (including, but not limited to, the testimony of Richard H. Kaplan, M.D.) and to preclude Plaintiff Watson from testifying at arbitration or trial about his alleged injuries which were to be the focus of Dr. Newman's IME is denied.

(2) Defendants Brian Dureault and Dart Transit Company's Motion to Dismiss the Complaint of Plaintiff Ryan Sowell [Docket Entry No. 32] is **GRANTED**.  All claims made by Plaintiff Ryan Sowell against Defendants Brian Dureault and Dart Transit Company are dismissed with prejudice.

(3) On August 12, 2008 at 3:30 p.m., the parties are to place a telephone conference call to chambers.  The purpose of this conference call will be to discuss the status of this action, and the scheduling of an arbitration hearing.  Counsel for Defendants Dureault and Dart Transit is to initiate the August 12, 2008 conference call.

BY THE COURT:

S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICK WATSON, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRIAN DUREAULT, et al. | : | NO.   07-779 |

**MEMORANDUM**

Presently before this Court are two motions to dismiss filed by Defendants Brian Dureault and Dart Transit Company.  Both motions are based on alleged failures to participate in the discovery process.  For the reasons which follow, Defendants' Motion to Dismiss Plaintiff Ryan Sowell's Complaint, which is not opposed, will be granted, and Defendants' Motion To Dismiss Plaintiff Nick Watson's Complaint And For Sanctions will be granted in part, denied in part.

**A.  The Rule 37 Standard.**

Pursuant to Rule 37 (b)(2)(A), if a party fails to obey a discovery order, the Court may impose sanctions, including the dismissal of actions or parts thereof.  The choice of an appropriate sanction is committed to the sound discretion of the district court.  *McMullen v. Bay Ship Management*, 335 F.3d 215, 217 (3d Cir. 2003)(control of discovery is committed to the discretion of the trial court).

Dismissal of a complaint is a sanction of last resort, and may not be imposed "when it has been established that failure to comply has been due to inability, and not willfulness, bad faith, or any fault of petitioner."  *DiGregorio v. First Rediscount Corporation*, 506 F.2d 781, 788 (3d Cir. 1974)(quoting *Societe Internationale, et al. v. Rogers*, 357 U.S. 197, 212 (1958)).  *See McMullen*, 335 F.2d at 217-18 (3d Cir. 2003).

In determining whether an action should be dismissed, the trial court is guided by *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863 (3d Cir. 1984).  The *Poulis* factors, to be considered and balanced, are:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party . . . was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim.

*Moultrie v. Luzerne County Prison, et al.,* No. 07-3215, 2008 WL 922347 at *1-2 (3d Cir. April 7, 2008)(not precedential)(*quoting Poulis*, 747 F.2d at 868).

### B.  Defendants' Motion to Dismiss Plaintiff Ryan Sowell's Complaint Is Granted.

Defendants have moved to dismiss Plaintiff Ryan Sowell's complaint with prejudice, alleging that he has not cooperated in the discovery process by failing to answer Defendants' discovery requests and by failing to appear for deposition on three noticed occasions.  Defendants argue that Plaintiff Sowell's failure to participate in discovery violates both the Federal Rules of Civil Procedure and a March 18, 2008 Order which required Plaintiff Sowell to "cooperate in the discovery process."  *Defendants' Motion to Dismiss the Complaint of Plaintiff Ryan Sowell: Memorandum of Law in Support* [Docket Entry No. 32] at pp. 1-2.

Plaintiff Sowell, who is represented by counsel, has not filed a response to Defendants' motion to dismiss his complaint.

The underlying facts, which are not disputed, are as follows:

1.  After removing this action to federal court, Defendants served Plaintiff Sowell with Interrogatories and Requests for Production of Documents on August 15, 2007.  Plaintiff Sowell failed to provide verified responses or objections to Defendants' discovery requests.

2.  On November 1, 2007, and again on February 15, 2008, Defendants served Counsel for Plaintiff Sowell with notices of deposition.  Plaintiff failed to appear on both occasions.

3. On March 18, 2008, during a telephone status conference with this Court, Counsel for Defendants raised the issue of Plaintiff Sowell's failure to participate in discovery. In a March 18, 2008 Order, I directed Plaintiff Sowell to cooperate in the discovery process, and ordered all remaining fact-based discovery be completed by April 22, 2008.

4. On March 27, 2008, Defendants served Plaintiff Sowell with a third notice of deposition. Counsel for Plaintiff Sowell advised Counsel for Defendants that he did not expect Mr. Sowell to appear for deposition, and on the noticed date, he did not appear.

5. By letter dated April 22, 2008, Counsel for Defendants advised the Court, with a copy to all counsel, of Plaintiff Sowell's continuing failure to participate in the discovery process. During an April 22, 2008 telephone status conference, Counsel represented that he believed that Mr. Sowell is no longer interested in pursuing his claims.

6. By Order dated April 23, 2008, I directed Defendants to file a motion addressing Plaintiff Sowell's failure to appear for deposition.

7. On May 5, 2008, Defendants filed the instant motion to dismiss Plaintiff Sowell's complaint. No response to this motion has been filed.

Applying the *Poulis* factors to the undisputed facts as they relate to Plaintiff Sowell, first, I find that Plaintiff Sowell is personally responsible for the failure to respond to discovery requests and the repeated failure to appear for deposition. Second, Defendants have been prejudiced by Plaintiff Sowell complete failure to participate in the discovery process. With no discovery having been provided by Plaintiff Sowell, Defendants are at a disadvantage to prepare their defense against his claims. Third, Plaintiff Sowell has shown a history of dilatoriness. For over ten months, he has not responded to discovery requests, has three times failed to appear for deposition, and has ignored a Court Order directing him to cooperate in the discovery process. Fourth, Plaintiff Sowell's conduct appears to be willful. There is no evidence of record that he has been unavailable or unaware of the discovery requests and the March 18, 2008 Order. Mr. Sowell is a plaintiff in this action, therefore, he is aware that he has sued the Defendants and has a responsibility to pursue litigation that he has begun. Fifth, sanctions other than dismissal would not appear to be effective. Plaintiff Sowell has ignored discovery requests, three notices

of deposition and a Court Order.  It is doubtful that a further Order would be effective in getting him to cooperate in discovery.  In addition, his Counsel represents that Plaintiff Sowell is no longer interested in pursuing his claims.  Lastly, it is difficult to assess the meritoriousness of Plaintiff Sowell's claims since he has failed to participate in discovery.  I find that this is, therefore, a neutral factor in the *Poulis* analysis.  After weighing and considering the *Poulis* factors, I conclude that dismissal of Plaintiff Sowell's action is proper and necessary to prevent Defendants from being prejudiced in the preparation of their defense and to protect the efficient administration of the judicial system.

### C.  Defendants' Motion to Dismiss Plaintiff Nick Watson's Complaint Is Granted in Part, Denied in Part.

Defendants have moved to dismiss Plaintiff Nick Watson's claims, or in the alternative to limit arbitration/trial testimony, and for sanctions.  They present the following argument:

> "In sum, Watson filed a Complaint seeking damages for bodily injuries, and then twice refused to appear for properly noticed IMEs, without explanation or prior notice.
> Watson's failure to participate in discovery violates both the Federal Rules of Civil Procedure and the Court's March 18, 2008 Order, which required Watson to 'cooperate in the discovery process.'  After the March 18, 2008 Order was entered by the Court, Watson willfully failed to appear for a second IME, which had been scheduled for April 4, 2008 (again without explanation or prior notice).
> Accordingly, defendants incurred $500 in 'no-show' fees and expended at least $2,045.99 in legal fees and expenses to defend claims which – through Watson's own conduct – were not pursued in good faith.  To further compound the prejudice resulting to defendants' ability to defend against Watson's claims for bodily injuries, Watson served defendants with a previously-undisclosed physician's report on April 29, 2008 – a week after the Court-imposed deadline of April 22, 2008."

*Defendants' Motion to Dismiss Plaintiff Nick Watson's Complaint and For Sanctions* [Docket Entry No. 31]: Memorandum of Law in Support at pp. 1-2.

Plaintiff Nick Watson has responded to Defendants' motion, arguing that dismissal of his claims is not warranted because other than inadvertently missing the two IMEs, he has cooperated with the discovery process and is willing to attend an IME as soon as it is rescheduled.  Plaintiff Watson represents that he has no objection to having the Court enter an Order which will dismiss his claims if he fails to attend the next scheduled IME.  In addition, Plaintiff Watson notes that Defendants have been just as guilty in failing to cooperate in discovery, contending that Defendants never answered his discovery requests until one year after they were served.  *Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff Nick Watson's Complaint and for Sanctions* [Docket Entry No.34] at pp. 1-3.  With regard to production of his expert report from Dr. Kaplan, Plaintiff Watson asserts that as soon as Counsel received Dr. Kaplan's report, it was immediately sent to Counsel for Defendants.  *Id.* at pp. 2-3.

Applying the *Poulis* factors to the facts as they relate to Plaintiff Nick Watson, I find that Plaintiff Watson is personally responsible for his failure to appear twice for a scheduled IME.  Counsel for Plaintiff Watson represents that the failures to appear at the IMEs were an "inadvertent [ . . . ] mistake."  The fact that the second time Plaintiff Watson failed to appear for a scheduled IME was in direct conflict with my March 18, 2008 specifically directing him to cooperate in the discovery process suggests that the failure to appear for the second IME was willful.  These two factors weigh in favor of dismissal.

However, other than the failure to appear for the IMEs, Plaintiff Watson has actively participated in this litigation.  He has forwarded initial disclosures, answered all of Defendants' written discovery requests, and has appeared for deposition.  Thus, I do not find a history of dilatory conduct over the discovery phase of the litigation.

Plaintiff has stated a willingness to attend a rescheduled IME, and has agreed not to object to an Order dismissing his claims if he fails to attend the rescheduled IME. I will, upon request of Defendants Dureault and Dart Transit, permit additional time to finish any discovery related to the rescheduled IME of Plaintiff Watson. Thus, Defendants will not be unduly prejudiced by Plaintiff Watson's past failures to attend an IME.

Plaintiff Watson's claims as pled, if established at trial, would support recovery by him. Therefore, the meritoriousness of Plaintiff Watson's claims weighs against the dismissal of his action.

Finally, there is a sanction other than dismissal which will be effective in getting Plaintiff Watson to appear for a rescheduled IME. I will enter an Order directing Plaintiff Watson to appear for a rescheduled IME, subject to dismissal of his claims, without objection from Plaintiff Watson should he fail to appear. I will order monetary sanctions in the form of $500.00 to compensate Defendants for out-of-pocket costs resulting from Plaintiff Watson's past failures to appear for an IME.

In sum, in the context of the circumstances of this litigation as it relates to Plaintiff Watson, the *Poulis* factors weigh against dismissal of his claims.

I believe a sanction of $500 for reimbursement of costs for Plaintiff Watson's failure to appear twice for an independent medical examination is an appropriate and sufficient sanction. I will, therefore, deny Defendants' request for additional sanctions.

BY THE COURT:

 S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
Robert N.C. Nix Federal Building
900 Market Street, Suite 211
Philadelphia, PA    19107

**Chambers of**
**M. FAITH ANGELL**                              P:   (215) 597-6079
United States Magistrate Judge                   F:   (215) 580-2165

*FAX / MAIL COVER SHEET*

**CASE NO.**   07-779                     **DISTRICT COURT JUDGE:** LHP

**TODAY'S DATE**: June 24, 2008           **LAW CLERK'S INITIALS**: JJK

**NAME**                                                    **FAX NUMBER**

(1)  Marc F. Greenfield, Esq.                               215-545-6117

(2) Cynthia M. Certo, Esq./Suzanne Murphy, Esq.             215-563-2583

(3)  Howard C. Pressman, Esq./Sandra M. Liberatori, Esq.    610-532-1762